CHAS. SWITZER v. THE STATE.

No. 922.   Decided February 8, 1911.

**Local Option—Defective Recognizance.**

Where, upon appeal from a conviction of a misdemeanor, the recognizance did not recite that appellant was convicted of a misdemeanor and did not state the amount of his punishment, the appeal must be dismissed.

Appeal from the County Court of Potter.   Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of defective recognizance:  Weil v. State, 48 Texas Crim. Rep., 603, 91 S. W. Rep., 231; May v. State, 40 Texas Crim. Rep., 196, 49 S. W. Rep., 402; Parish v. State, 47 Texas Crim. Rep., 148, 82 S. W. Rep., 517; Hart v. State, 47 Texas Crim. Rep., 502, 84 S. W. Rep., 592.

HARPER, JUDGE.—Appellant was convicted in the County Court of Potter County of violating the local option law, and his punishment assessed at a fine of $100 and sixty days imprisonment in the county jail.

The Assistant Attorney-General moves to dismiss the appeal herein, on the ground that the recognizance is not sufficient to give this court jurisdiction.  An inspection of that part of the record discloses that the motion is well taken.  The motion to dismiss is predicated on the ground that the recognizance herein does not recite, as the statute requires, that appellant was convicted of a misdemeanor, nor does it recite the amount of his punishment.  The form provided requires that this be stated, and we know of no authority to dispense with these requirements.  The motion of the Assistant Attorney-General is accordingly sustained, and the appeal is dismissed.

*Dismissed.*